UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABEBE TENKIR BALCHA,<br><br>Petitioner,<br><br>v.<br><br>KRISTI NOEM, Secretary of the Department of Homeland Security, et al..<br><br>Respondents. | Case No.:  26cv1494-LL-SBC<br><br>**ORDER GRANTING AMENDED PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241**<br><br>[ECF No. 5] |

Before the Court is Petitioner Abebe Tenkir Balcha's Amended Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. ECF No. 5 ("Pet."). Respondents filed a Response to the Petition [ECF No. 8], and Petitioner filed a Traverse [ECF No. 9]. For the reasons set forth below, the Court **GRANTS** the Amended Petition.

## I.     BACKGROUND

Petitioner was born in Ethiopia and entered the United States on April 14, 2025, seeking asylum. Pet. at 2; ECF No. 5-1, Declaration of Abebe Tenkir Balcha ("Balcha Decl."), ¶ 2. He passed his credible fear interview, was put into removal proceedings, and applied for asylum. Pet. at 2; Balcha Decl. ¶ 2.

Two weeks before his merits hearing, an immigration judge granted the Department of Homeland Security's motion to pretermit Petitioner's asylum application under the

1

Asylum Cooperative Agreement and ordered him deported to Uganda. Pet. at 3; Balcha Decl. ¶¶ 3–4. Petitioner filed an appeal to the Board of Immigration Appeals, which is pending. Pet. at 3; Balcha Decl. ¶ 4. If the BIA dismisses his appeal, Petitioner states that he will likely appeal to the Ninth Circuit. Pet. at 3; Balcha Decl. ¶ 4.

On March 18, 2026, Petitioner filed the instant Amended Petition. Pet.

## II.   LEGAL STANDARD

A district court may grant a writ of habeas corpus when a petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c); *Magana-Pizano v. I.N.S.*, 200 F.3d 603, 609 (9th Cir. 1999) ("28 U.S.C. § 2241 expressly permits the federal courts to grant writs of habeas corpus to aliens when those aliens are 'in custody in violation of the Constitution or laws or treaties of the United States.'"). In federal habeas proceedings, the petitioner bears the burden of proving his case by a preponderance of evidence. *Lambert v. Blodgett*, 393 F.3d 943, 970 n.16 (9th Cir. 2004); *Bellew v. Gunn*, 532 F.2d 1288, 1290 (9th Cir. 1976) (citations omitted).

## III.   DISCUSSION

Petitioner alleges that his prolonged detention without a bond hearing violates the Fifth Amendment's Due Process Clause. Pet. at 3.

Respondents contend that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b). ECF No. 8 at 2. Nevertheless, Respondents concede that in considering prior rulings by courts in this district finding that prolonged detention without a bond hearing violates due process, as well as Petitioner's length of detention, "this Court should order that Petitioner receive a bond hearing, where the government would bear the burden of proof of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight." *Id.* at 2.

Therefore, the Court finds that Petitioner's twelve months of detention without a bond hearing has become unreasonable and due process requires that he be provided with a bond hearing. *See Rodriguez v. Robbins*, 715 F.3d 1127, 1144 (9th Cir. 2013) ("[W]e note that the discretionary parole system available to § 1225(b) detainees is not sufficient

26cv1494-LL-SBC

to overcome the constitutional concerns raised by prolonged mandatory detention."). The Court adopts its reasoning stated in *Abdul Kadir v. Larose*, No. 25CV1045-LL-MMP, 2025 WL 2932654 (S.D. Cal. Oct. 15, 2025), on this issue. *Id.* at *3–6.

Petitioner argues that the Court should order immediate release or a bond hearing with additional safeguards because immigration judges' neutrality has been compromised. Pet. at 9–16.

The Court finds it appropriate for Respondents to provide Petitioner with a bond hearing that includes several procedural safeguards. At the bond hearing before a neutral immigration judge, Respondents "must justify his continued detention by a showing of clear and convincing evidence that Petitioner would likely flee or pose a danger to the community if released." *Gao v. LaRose*, 805 F. Supp. 3d 1106, 1112 (S.D. Cal. 2025) (citations omitted); *Martinez v. Clark*, 124 F.4th 775, 786 (9th Cir. 2024) (noting that due process requires "the government to prove dangerousness or risk of flight by clear and convincing evidence" at a bond hearing for noncitizens subject to prolonged detention (citing *Singh v. Holder*, 638 F.3d 1196, 1200, 1205 (9th Cir. 2011))). Immigration courts must provide detainees subjected to prolonged detention with a transcript or an audio recording of the bond hearing upon request. *Martinez*, 124 F.4th at 786 (citing *Singh*, 638 F.3d at 1208). Additionally, if the immigration judge finds that bond is appropriate, he or she must consider the detainee's financial circumstances and possible alternative release conditions. *Hernandez v. Sessions*, 872 F.3d 976, 990–91 (9th Cir. 2017).

Accordingly, the Court **GRANTS** the Amended Petition.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

26cv1494-LL-SBC

## IV.    CONCLUSION

For the reasons set forth above, the Court **ORDERS**:

1.    Petitioner's Amended Petition for Writ of Habeas Corpus is **GRANTED**.

2.    Respondents shall provide Petitioner with an individualized bond hearing before an immigration judge within **seven (7) days** of the date of this order.

   a.    At the hearing, the government **SHALL BEAR** the burden of establishing by clear and convincing evidence that Petitioner would likely flee or pose a danger to the community if released.

   b.    The immigration judge **SHALL** consider alternative conditions of release and Petitioner's ability to pay bond if he or she determines bond is appropriate.

   c.    Respondents **SHALL** make a complete record of the bond hearing available to Petitioner and his counsel.

3.    The Clerk of Court shall enter judgment in Petitioner's favor and close this case.

**IT IS SO ORDERED**.

Dated:  April 13, 2026

_____

Honorable Linda Lopez
United States District Judge

4

26cv1494-LL-SBC